UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-297-RJC

| | |
|---|---|
| **JEFFREY A. CORNETT, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **ASHEVILLE POLICE DEPARTMENT,** ) | |
| et al., ) | **ORDER** |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

I.     BACKGROUND

The pro se Plaintiff is presently serving a two-year sentence for possession of a firearm by a felon and possession of a schedule II controlled substance in Buncombe County Superior Court Case Nos. 22CRS083538 and 22CRS083539, for offenses that occurred on April 27, 2022.[1] He filed this civil rights action pursuant to 42 U.S.C. § 1983 for "Right to Petition 1st Amendment, Due Process, Unlawful Search and Seizure, Cruel and Unusual Punishment, and Domestic Terrorism." [Doc. 1 at 5] (errors uncorrected). He names as Defendants: the Asheville Police Department; the City of Asheville; and the Buncombe County Jail. [Id. at 3-4].

---

[1] The Court takes judicial notice of the dockets in those cases. See Fed. R. Ev. 201. To the extent that the Plaintiff's claims would necessarily undermine the validity of his convictions, such claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).

The Plaintiff alleges that:[2] the Asheville Police Department raided his apartment during April 2022, planted fake fentanyl, charged him with possession of a weapon by a felon and drug possession, and "everything got dismissed immediately because they were all fake charges;" he believes the raid was retaliatory because he previously sued the Asheville Police Department and the City of Asheville; in June of 2023, a lady who worked at Asheville Transit told him to report to "the federal building" where he was accused of murder, he was told that "[he] better admit it and plead guilty or [he] would be hanged," and he was sprayed "with a liquid which made [him] feel crazy;" he was told to return to the federal building or else "they would track [him] down and hang [him];" Plaintiff has been "harassed by a guy that calls himself the wizard;" Plaintiff has been barred from various businesses in Asheville; Plaintiff tried to contact the FBI, "but somehow they had hacked [his] phone and all [he] could get were smiley faces on the phone" and "someone had taken over [his] phone;" Plaintiff has been terrorized by the City of Asheville for months; he was told that, if he attempted to sue the City of Asheville, "they" would put a fake rape case on him in Virginia and hang him, and that "white people" would kill his entire family; and "they" tried to force him "to run a slave run…." [Id. at 4-9]. He further alleges that, at the Buncombe County Jail: he caught COVID-19; he was not given medicine like "the other white guys" who had COVID-19; he was no allowed out of his cell; and guards called him a "racist." [Id. at 9].

The Plaintiff seeks "punitive action and monetary payment…." [Id. at 10].

## II. STANDARD OF REVIEW

---

[2] The Court has not attempted to summarize all of the Plaintiff's nonsensical allegations. [See, e.g., Doc. 1 at 8 ("I thought that because I was partially responsible for bringing down the Vance Monument that maybe had something to do with why I was called Vorkie and Kyvorkian by just about everyone in Asheville. If not for good people I might have lost my mind.")]. Allegations that have been omitted from this section are frivolous and require no discussion.

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III. DISCUSSION**

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The Plaintiff names the Buncombe County Jail as a Defendant. However, a jail is not a "person" subject to suit under § 1983. See Brooks v. Pembroke Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989). Accordingly the claims against the Buncombe County Jail are dismissed with prejudice.

The Plaintiff also names the Asheville Police Department as a Defendant. A governmental entity may only be sued if the law of the state in which the court is located permits it. Fed. R. Civ. P. 17(b)(3). Under North Carolina law, police departments cannot be sued as entities. Smith v. Munday, 848 F.3d 248, 256–57 (4th Cir. 2017); Wright v. Town of Zebulon, 202 N.C.App. 540, 688 S.E.2d 786, 789 (2010). Accordingly, the claims against the Asheville Police Department are dismissed with prejudice.

The Plaintiff has also named as a Defendant the City of Asheville. Local governing bodies "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); see Mt. Healthy City Sch. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) (Eleventh Amendment immunity "does not extend to counties or similar municipal corporations."). Municipal liability under § 1983 cannot be predicated upon a respondeat superior theory. Burgess v. Goldstein, 997 F.3d 541, 562 (4th Cir. 2021). Liability arises only when the offensive acts are taken in furtherance of municipal policy or custom. Id.; see City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989) (a municipality can be liable under § 1983 only where its policies are the "moving force" behind the constitutional violation) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981)).

Here, the Plaintiff's allegations are so vague and conclusory that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader

must allege facts, directly or indirectly, that support each element of the claim). The Plaintiff has failed to allege facts that would state a plausible claim for Monell liability and, accordingly, his claims against the City of Asheville are dismissed without prejudice.

In addition to being vague and conclusory, several of the Plaintiff's allegations are so outlandish and unmoored from reality that they are frivolous. See Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible...."); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009), *abrogated on other grounds by* Lomax v. Ortiz-Marquez, 140 S. Ct. 1721 (2020) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). The Plaintiff is cautioned that further frivolous filings may subject him to the imposition of sanctions including a pre-filing review system.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any Defendant and the Complaint fails initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The claims against Defendants Asheville Police Department and Buncombe County Jail are dismissed with prejudice, and the remaining claims are dismissed without prejudice.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede his previous filings. Piecemeal amendment will not be allowed. Should Plaintiff fail to timely file an Amended Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] fails initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2. The claims against Defendants Asheville Police Department and Buncombe County Jail are **DISMISSED WITH PREJUDICE.**

3. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

4. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to file an Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: February 1, 2024

Robert J. Conrad, Jr.
United States District Judge