UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-297-RJC

| | |
|---|---|
| **JEFFREY A. CORNETT, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **ASHEVILLE POLICE DEPARTMENT,** ) | |
| **et al.,** ) | **ORDER** |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint. [Doc. 10]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

## I. BACKGROUND

The pro se Plaintiff is presently serving a two-year sentence for possession of a firearm by a felon and possession of a schedule II controlled substance in Buncombe County Superior Court Case Nos. 22CRS083538 and 22CRS083539, for offenses that occurred on April 27, 2022.[1] He filed this civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1]. The Complaint failed initial review. [Doc. 9]. The Court dismissed the claims against the Asheville Police Department ("APD") and the Buncombe County Jail ("BCJ") with prejudice, the remaining claims were dismissed without prejudice, and the Court noted that, "[t]o the extent that the Plaintiff's claims would necessarily undermine the validity of his convictions, such claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994)." [Id. at 1, n.1]. The Plaintiff was granted the opportunity to amend. [Id.]. The Amended Complaint is now before the Court for initial review. [Doc. 10].

---

[1] The Court takes judicial notice of the dockets in those cases. See Fed. R. Ev. 201

The Plaintiff again names as Defendants the APD and BCJ.[2] [Id. at 2-3]. He also names in their official capacities: John Doe and Steve Koon, who are alleged to be APD "arresting officers;" and John Does "unknown/ Officers on Duty" at the BCJ. [Id.]. He asserts claims for "unlawful search and seizure, falesefying evidence, due process/ right to petition/ defamation of character/ unlawful confinement" for incidents that allegedly occurred in April 2022. [Id. at 3-4] (errors uncorrected). He describes his claims as follows:

> For no real reason our apartment was raided finding a gun and 2.2 grams of meth (schedule 2). Also found was sugar which was probaly gotten from our kitchen which they charged me with possession of 9.5 grams of fentanyl (schedule 1). It was ran all over television, internet, etc but it was not true. What they found was sugar. We had reported a officer to the Department of Justice and the retaliated against me.

[Id. at 5] (errors uncorrected). For injury, he claims "[m]ental and character hurting damages were all due to me being a black business owner." [Id.] (errors uncorrected). He seeks $6,000,000 in damages. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or

---

[2] It is unclear whether the Plaintiff is again attempting to name the City of Asheville as a Defendant. [Doc. 10 at 2]. Had he done so, the claims against this Defendant would be dismissed for the same reasons that were discussed on initial review of the Complaint. [See Doc. 9 at 4].

delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The Plaintiff again names the BCJ and APD as Defendants, however, the claims against these Defendants were dismissed with prejudice on initial review of the Complaint because § 1983 claims against them cannot proceed. [Doc. 9]. These entities have been dismissed from this lawsuit and are no longer part of this action.

The Plaintiff also attempts to assert claims against APD and BCJ officers in their official capacities.  Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent."  Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55 (1978)).  The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort."  Collins v. City of Harker Heights, 503 U.S. 115, 120-21 (quoting Monell, 436 U.S. at 691).  That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be

the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694).

The Plaintiff's allegations are again so vague and conclusory that they fail to satisfy the most basic pleading requirements.[3] See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The Plaintiff has failed to allege any facts that would state a plausible Monell claim and, accordingly, his claims are dismissed.[4]

The Court will dismiss this action with prejudice because the Plaintiff has already been allowed to amend his Complaint once and he has again failed to state a claim for relief. See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

**IV.  CONCLUSION**

In sum, the Plaintiff has failed to state a claim and the Amended Complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**ORDER**

---

[3] His claims regarding the methamphetamine and gun also appear to be barred by Heck insofar as success on these claims would necessarily imply the invalidity of his convictions for possession of a firearm by a felon, and for possession of a Schedule II controlled substance.

[4] The Court would reach the same conclusion had the Plaintiff named the Defendants in their individual capacities because he has failed to explain how each Defendant acted personally to violate his rights. See generally Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977); Fed. R. Civ. P. 8(a)(2); Simpson, 900 F.2d at 35; Dickson, 309 F.3d at 201-02.

**IT IS, THEREFORE, ORDERED** that the Amended Complaint [Doc. 10] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED.**

Signed: March 29, 2024

Robert J. Conrad, Jr.
United States District Judge